ALICE BROWN'S ADMR. *v.* L. C. & L. R. R. Co.

[Abstract Kentucky Law Reporter, Vol. 7—95, 96.]

**Dying Declarations.**

> Where one purchased a ticket of a railroad company to be transported on its passenger train from Shelbyville to Louisville and the company failed to take the passenger to the place of destination as speedily as the usual course of transportation demands there is a breach of contract for which the company is liable, but where it is alleged in a petition that the failure to place such passenger on the first train and the delay in wating two hours for the second train, gave her a severe cold resulting in penumonia from which she died, such allegations only show a breach of contract and such a breach cannot be converted into a tort so as to admit the dying declarations of the intestate as to the cause of the injury and the wilful neglect of the defendant.

Notice to Take Deposition.

> Where both parties reside in the same city and a notice to take a deposition at a designated place in the city on the 11th day of March between 2 o'clock p. m. and 5 o'clock p. m., "and if not then taken could be taken on the next day between 9 o'clock a. m. and 5 o'clock p. m." and the notice is dated March 11th and not served until 10 o'clock a. m. on March 12th, the notice is unreasonable as to time and the party upon which it was served had the right to presume that the deposition had been taken when the notice was served.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 7, 1885.

Opinion by Judge Pryor:

The purchase of the ticket by the appellate's intestate to be transported on its passenger train from Shelbyville to Louisville necessarily implied an obligation on the part of the company when the intestate entered its cars, to take her to the place of destination as speedily as the usual course of transportation demanded, and as was consistent with the usual and general mode of carrying passengers between those points. If the appellee failed to do so, it was a breach of contract for which the company was responsible in damages including such as was the necessary and proximate cause of the neglect. We do not, however, understand that a mere breach of contract can be converted into a tort so as to admit the dying declarations of the intestate as to the cause of the injury and the wilful neglect of the party who is subject to be charged. Here the petition alleges that the failure to place the intestate on the first train at the junction and the delay in waiting two hours for the second train gave her a severe cold resulting in pneumonia from which she died. There is no allegation that the company or its employes knew her condition; or that she attempted to board the first train; or that she was neglected on the train; or that they failed to provide her with fire so as to make her comfortable until the next train passed, and the only reasonable inference is that the exposure in endeavoring to reach Louisville in cold weather caused pneumonia and that the delay in obtaining a train at Anchorage may have contributed to bring about the disease, are facts fairly inferrable from the statements made, but that the company

is liable for wilful neglect admitting the statements of the petition to be true can not be maintained.

The question then arises as to the proof supporting the appellant's cause of action, as the personal representative of the intestate by reason of the alleged breach of the contract. An attempt was made to read the deposition of the intestate taken on notice given that it could be taken at a designated place in the city on the 11th day of March, 1881, between 2 o'clock P. M. and 5 o'clock P. M. of the same day, and if not then taken, could be taken on the next day between 9 o'clock A. M. and 5 o'clock P. M. The notice was dated the 11th day of March, 1881, and not served until March 12th at 10 o'clock A. M.

The parties were both in the city at the time, but it is evident that when notice had been served after the first day for taking had passed and not until one hour after the taking could have begun on the succeeding day, that it was unreasonable and obviated any necessity on the part of the appellees for even making an inquiry as to what had transpired. The appellees had the right to presume that the deposition had been taken, and the exception was properly sustained, although it subsequently appeared that the deposition was not taken until the evening of the 12th.

The symptoms of the disease as made known by the patient to the physician to enable him to diagnose the case and to speak as to the character of her disease would be competent.

The deposition had been taken to be read in an action by the intestate in her lifetime for the breach of the same contract and at her death the present action was brought by her administrator.

Her statement as to how she contracted cold connected with any contract made with the company was clearly incompetent. Her symptoms giving pain or causing her to make complaints to the effect that she had taken severe cold or had been exposed to cold would tend to prove her physical condition at the time, but her testimony or statements showing that it was from the neglect of the appellee or its agents was properly excluded for two reasons; first, dying declarations of the party suing would be incompetent in such a case, and secondly, if even competent, they were not contemporaneous with the commission of the wrong or a part of the res gestæ. This will apply to the testimony of the other witness who was introduced on the same subject and there being no testimony

before the jury to hold the company responsible a non suit was properly entered.

Judgment *affirmed.*

*J. H. Trabue, Willet Trabue, B. G. Williams, for appellant.*

*Wm. Lindsay, for appellee.*